**John BATES, et al., Plaintiffs,**

v.

**THE UNITED STATES Defendant.**

No. 96–931.

United States Court of Federal Claims.

Jan. 15, 2002.

*OPINION*

BRUGGINK, Judge.

Pending before the court in this overtime pay case are cross-motions for summary judgment on the claims of plaintiffs Jorge Gutierrez, John W. Lotz, and Julian J. Panek. The question is whether these plaintiffs are exempt from the overtime provisions of the Federal Labor Standards Act (FLSA), 29 U.S.C. §§ 201–19 (1994). Defendant claims that the plaintiffs' positions are "executive" or "administrative" and, hence, exempt. *See id.* at § 213(a). For reasons set out below, we agree with defendant.

## BACKGROUND [1]

This case is part of litigation that has extended for five years. Plaintiffs were originally litigants in *Adams v. United States,* 44 Fed.Cl. 772 (1999), in which we held that first line GS–12 supervisory border patrol agents who were not either Patrol Agents In Charge or Assistant Patrol Agents In Charge had been improperly denied overtime pay. The court also found, after trial, that these three plaintiffs, whose designated representative was Mr. Paul Beeson, were exempt from FLSA overtime provisions. These three plaintiffs and Mr. Beeson sought a new trial arguing that they were prejudiced by the court's ruling in the absence of Mr. Beeson's live testimony. The court granted the plaintiffs' motion for a new trial. The current plaintiffs were severed from the *Adams* case so that damages could be calculated for other plaintiffs, who were owed backpay.

Mr. Beeson later withdrew his claim. The court then directed defendant to file a motion for summary judgment with respect to Messrs. Gutierrez, Lotz, and Panek. On April 20, 2001 the court granted defendant's request to take the deposition of one of the individuals. The court's order states that "given the parties' prior agreement that Beeson represented all four employees, deposing one plaintiff of defendant's choosing should be sufficient." Mr. Gutierrez was designated

Everett L. Bobbitt and Sanford A. Toyen, San Diego, CA, for plaintiffs.

Allison Paige, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, argued for defendant. With whom on the briefs were Robert D. McCallum, Assistant Attorney General, and David M. Cohen, Director.

---

1. The facts are taken from the parties' proposed findings of uncontroverted facts to the extent that they are undisputed.

by the parties as the individual to be deposed. He would also represent the other two plaintiffs.

The current plaintiffs are GS–13 Supervisory Border Patrol Agents who serve as Assistant Chief Patrol Agents ("Assistant Chief") at the United States Border Patrol Academy in Charleston, South Carolina. Mr. Gutierrez has held this position since November of 1995. Mr. Gutierrez testified that the Border Patrol Academy exists to provide the tools to Border Patrol Agents to perform their duties. The Border Patrol Academy conducts twenty-five sessions per year lasting between nineteen and twenty-one weeks each. Throughout the year, between eight and ten class sessions are proceeding at the Academy, enrolling a total of between 300 and 400 trainees.

The Deputy Chief Patrol Agent supervises the three Assistant Chiefs: Messrs. Gutierrez, Lotz, and Panek. The Academy has five separate departments: Law, Physical Training, Spanish, Firearms, and Driver Training. Mr. Gutierrez supervises the Law and Physical Training Departments. The other two Assistant Chiefs supervise the Driver Training, Firearms, and Spanish Departments. The Assistant Chiefs rotate as supervisors of the five departments on an annual basis.

Each department has a Training Operations Supervisor who reports to the assigned Assistant Chief. There are also approximately 50 Course Development Instructors who are permanently assigned to the facility. They report to the Training Operations Supervisor. Mr. Gutierrez is the first-line supervisor for the Training Operations Supervisors and the second-line supervisor for the Course Development Instructors in the two departments he supervises.

In his deposition Mr. Gutierrez testified that he has supervisory duties related to the facilities including hurricane evacuations and relocation of the students in the event of a weekend mechanical problem. He can write changes in a course or presentation for the departments assigned to him and must keep abreast of developments in law that affect the course work in the various departments at the Academy. He has also participates in the process of selecting personnel.[2]

Mr. Gutierrez's other duties include: review of adverse actions taken by instructors; review of investigations in other departments; and budgeting for materials and class needs (including computers and phone systems). His responsibilities include approval of emergency leave if a student has a death in the family. Mr. Gutierrez is on-call 24 hours a day. He is a certified contracting officer with a $25,000 warrant. Mr. Gutierrez has taken basic and advanced management courses. He occasionally conducts classes at the Academy and has participated in on-site training that the Academy provides at other locations.

## DISCUSSION

■■■ The government has the burden of proving an FLSA exemption. *Adams*, 44 Fed.Cl. at 775 (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974); *Berg v. Newman*, 982 F.2d 500, 503 (Fed.Cir.1992); 5 C.F.R. § 551.202(c) (1999)). The defendant believes it has established that plaintiffs satisfy the criteria for the "administrative exemption" from the FLSA overtime provisions.[3] The plaintiffs disagree.

The administrative exemption applies, insofar as relevant here, to:

[A]n advisor or assistant to management, a representative of management, or a specialist in a management or general business function or supporting service, ...[who], meets all ... of the following criteria:

---

**2.** It is clear from the content of Mr. Gutierrez's deposition that he helped select personnel for the Academy, contrary to plaintiffs' suggestion that he only participates in the selection of border patrol trainees. He testified that he "did a lot of administrative work as far as the admin[istrative] selection process of personnel." Def.'s App. 20:15–16.

**3.** Defendant has not waived its defense that the administrative exception applies, nor are plaintiffs prejudiced by its assertion. Plaintiffs have had ample time to respond on the merits.

(a) *Primary duty test.* The primary duty test is met if the employee's work—

(1)Significantly affects the formulation or execution of management programs or policies; or

(2) Involves management or general business functions or supporting services of substantial importance to the organization serviced; or

(3) Involves substantial participation in the executive or administrative functions of a management official.

(b) *Nonmanual work test.* The employee performs office or other predominantly nonmanual work which is—

(1) Intellectual and varied in nature; or

(2) Of a specialized or technical nature that requires considerable special training, experience, or knowledge.

(c) *Discretion and independent judgment test.* The employee frequently exercises discretion and independent judgment, under only general supervision, in performing the normal day-to-day work.

5 C.F.R. § 551.206 (2001).

Plaintiffs do not contest the last two elements of this test-that their positions involve non-manual work and require discretion and independent judgment. They argue however, that their primary duties do not "significantly affect[ ] the formulation or execution of management programs and policies" nor do their duties "involve[ ] supporting services of substantial importance to the organization serviced." *Id.* We disagree.

Mr. Gutierrez plays a substantial role in the development of Academy curriculum and the maintenance of its facilities. He formulates and executes management programs or policies, such as revising courses and recommending disciplinary action for subordinates, and is involved in important supporting services to the Border Patrol, namely, providing training for incoming border patrol agents. Mr. Gutierrez serves directly under the Chief Patrol Agent, making his position second ranking at the Academy. He supervises the Training Operations Supervisor and the Course Development Instructors. He is on call 24 hours a day. His primary duties clearly involve all three elements of the primary duty test.

Plaintiffs' duties also satisfy the more rigorous "executive exemption." The exemption applies, insofar as relevant here, to:

[A] supervisor or manager who manages a Federal agency or any subdivision thereof (including the lowest recognized organizational unit with a continuing function) and customarily and regularly directs the work of subordinate employees and meets ... the following criteria:

(a) *Primary duty test.* The primary duty test is met if the employee—

(1) Has authority to make personnel changes that include, but are not limited to, selecting, removing, advancing in pay, or promoting subordinate employees, or has authority to suggest or recommend such actions with particular consideration given to these suggestions and recommendations; and

(2) Customarily and regularly exercises discretion and independent judgment in such activities as work planning and organization; work assignment, direction, review, and evaluation; and other aspects of management of subordinates, including personnel administration.

5 C.F.R. § 551.205.

Plaintiffs contend that these Office of Personnel Management (OPM) standards for executive exemption, are in conflict with the comparable Department of Labor (DoL) standards and therefore may not be used. Defendant points out this dispute was resolved earlier in the litigation, in favor of the OPM regulations. In *Adams v. United States,* 40 Fed.Cl. 303, 305 (1998), the court stated, "it is clear from the plain language of the statute that OPM is empowered to administer FLSA with respect to plaintiffs." The court held that "[i]t is contrary to Congress's express wish to ... requir[e] OPM to precisely mimic DoL's every regulatory move." *Id.* at 308.

Assuming the DoL standards apply, plaintiffs point to the fact that the term "executive," as defined by the DoL, requires that the employee have authority to recommend selection and removal:

(c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight;

29 C.F.R. § 541.1. There is little difference, however, between the OPM and DoL requirements. We do not find them to be inconsistent, and, in any event, plaintiffs satisfy both standards.

Mr. Gutierrez has authority to suggest selection, removal, or promotion as required by the OPM's regulations and he makes recommendations as to the hiring and advancement of other employees as required by the DoL regulations. Mr. Gutierrez testified that "[i]n the selection process for [an instructor] vacancy here at the Academy, I do review their applications and make recommendations to the chief patrol agent." Def.App. 31:22–24. He stated that he recommends disciplinary action for employees at the Academy and signs paperwork for step increases. He also stated that "[a]s far as individuals are concerned, I do their appraisals and I oversee their work and their departments more so into ensuring that they have the material and personnel that they need." Def.App. 21:7–10. These duties satisfy the OPM and DoL "executive" criteria.

In *Adams v. United States,* the court described Mr. Beeson, the previously designated representative, as:

> ha[ving] day-to-day responsibility for supervising the training unit. He is the first-line supervisor of the Academy's permanent instructional staff and for supervisory agents detailed to the Academy as instructors. He plans and oversees the execution of the instructional program for both trainers and trainees.

44 Fed.Cl. at 785. We reach the same result with respect to Mr. Gutierrez, and, thus, with respect to the two other plaintiffs. All three are properly classified as holding executive positions. They are thus exempt from the FLSA overtime provisions and are not entitled to backpay.

## CONCLUSION

Defendant has satisfied its burden of proof as to the exemption status of plaintiffs Gutierrez, Lotz, and Panek. Accordingly, defendant's motion for summary judgment is granted as to them. Pursuant to Rule 54(b) and there being no just cause for delay, the clerk is directed to dismiss these plaintiffs from the complaint. Judgment accordingly. Each party to bear its own costs.

