**Kay Coles JAMES, Director of the Office of Personnel Management, Petitioner,**

**v.**

**Elisabeth VON ZEMENSZKY, Respondent,**

**and**

**Merit Systems Protection Board, Respondent.**

**No. 00–3418.**

United States Court of Appeals, Federal Circuit.

Sept. 4, 2002.

Frank A. Rosenfeld, Attorney, Appellate Staff, Civil Division, Department of Justice, of Washington, DC, filed a combined petition for panel rehearing and rehearing en banc for petitioner. With him on the petition were Robert D. McCallum, Jr., Assistant Attorney General; William Kanter; and Michael Jay Singer, Attorneys.

Adam H. Feinstein, of Philadelphia, PA, filed a response to the petition for respondent Elizabeth Von Zemenszky.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent Merit Systems Protection Board. Of counsel was Lynn A. Jennings, Attorney.

Mary Dryovage, Law Offices of Mary Dryovage, for amicus curiae National Employment Lawyers Association. Of counsel on the brief was Paula A. Brantner, Senior Staff Attorney, National Employment Lawyers Association, of San Francisco, CA.

Paul F. Sowa, Law Offices of Paul Sowa, of Los Angeles, CA, for amicus curiae Marian V. Sowa, M.D.

Bradley B. Falkof, Barnes & Thornburg, of Chicago, IL, for amicus curiae John C. Long.

Before NEWMAN, SCHALL and BRYSON, Circuit Judges.

## ON PETITION FOR REHEARING

BRYSON, Circuit Judge.

The government has filed a petition for rehearing raising two issues that warrant response.

■ 1. The government's primary argument is that the panel erred in characterizing the kind of agency interpretation of a statute that is entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The government argues that our initial opinion applied an overly mechanical approach to *Chevron* deference that is inconsistent with the Supreme Court's recent decisions in *United States v. Mead Corp.*, 533 U.S. 218, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001), and *Barnhart v. Walton*, —— U.S. ——, 122 S.Ct. 1265, 152 L.Ed.2d 330 (2002). In particular, the government criticizes the distinction our initial opinion drew between the deference accorded to formal regulations as opposed to interpretive guidelines such as VHA Directive 5111 and VHA Handbook 5111.

■ That distinction is clearly valid as a general matter: agency interpretations of statutes that are the products of notice and comment rulemaking or formal adjudication are more likely to receive deference than interpretations that have been adopted following less formal means or simply as a matter of agency practice. *See Mead*, 533 U.S. at 230, 121 S.Ct. 2164 ("[T]he overwhelming number of our cases applying *Chevron* deference have reviewed the fruits of notice-and-comment rulemaking or formal adjudication."); *Pesquera Mares Australes Ltda. v. United States*, 266 F.3d 1372, 1379–82 (Fed.Cir. 2001) (according *Chevron* deference to statutory interpretations by the Department of Commerce during formal antidumping proceedings). Of course, there

are instances in which *Chevron* deference has been accorded even in the absence of such administrative formality, depending on factors such as the interpretive method used, the nature of the legal question, the expertise of the agency, the importance of the question to the administration of the statute, the complexity of the administrative scheme, and the length of time over which the agency has considered the question. *See Barnhart,* —— U.S. at ——, 122 S.Ct. at 1272; *Mead,* 533 U.S. at 231, 121 S.Ct. 2164. Those factors do not affect the outcome of this case, however, because VHA Directive 5111 and Handbook 5111 fall within the class of informal agency interpretations that do not ordinarily merit *Chevron* deference: those contained in "policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law." *Christensen v. Harris County,* 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000). The government has not pointed to any special circumstances that persuade us that the agency's directive and handbook should be given *Chevron* deference in this case.

In any event, we did not (and do not) find it necessary to address in great detail the factors bearing on the availability of *Chevron* deference in cases in which the statute in question is ambiguous, because we consider it clear that 38 U.S.C. § 7421 cannot trump the provisions of title 5 that make RIF procedures applicable to DVA employees in Dr. Von Zemenszky's position. The government notes that in our initial opinion we stated that "standing on its own, the term 'conditions of employment' could be regarded as broad enough to encompass procedures for employee separation." 284 F.3d at 1317. Seizing upon our observation that the phrase "conditions of employment" can be subject to broad interpretation when read in isolation, the government contends that our

further examination of the context in which that phrase appears constituted "subjective and indirect analysis" forbidden by *Chevron.* We disagree.

■ In determining whether a statute is ambiguous, a reviewing court "should not confine itself to examining a particular statutory provision in isolation. The meaning—or ambiguity—of certain words or phrases may only become evident when placed in context." *FDA v. Brown & Williamson Tobacco Corp.,* 529 U.S. 120, 132, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000). In this case, the question whether section 7421 is ambiguous requires consideration of the context in which the phrase "conditions of employment" is used in section 7421, as well as the broader framework of both chapter 74 of title 38 and title 5. In light of the context of the statute and the interrelation of the pertinent provisions of title 5 and title 38, we held that the title 5 RIF statutes apply to VHA health-care professionals like Dr. Von Zemenszky, and that section 7421 does not authorize the DVA to disregard those provisions. We consider the statute to be clear and unambiguous in that regard.

■ 2. The government also challenges our construction of the term "conditions of employment" in the VHA collective bargaining statute, 38 U.S.C. § 7422, which we referred to in analyzing the same phrase in section 7421. We pointed out that the same phrase is defined in chapter 71 of title 5, which is specifically referenced in section 7422. Because "conditions of employment" is defined in 5 U.S.C. § 7103(a)(14) to exclude matters that are "specifically provided for by Federal statute," that term does not include matters covered by the RIF statutes, which are found in chapter 35 of title 5. The government argues that the RIF statutes specify "very few things for purposes of

§ 7103(a)(14)," and that the definition of "conditions of employment" in that provision is therefore not restrictive with respect to RIFs. We disagree. While the details of the RIF rules are set forth in regulations, the general principles are set forth by statute in chapter 35. The government's position throughout this litigation has been that the RIF statutes are inapplicable to employees in the VHA, not that the RIF statutes are applicable and that the DVA complied with them. If the term "conditions of employment" means the same thing in section 7421 as in chapter 71 of title 5—and the government does not challenge our conclusion that it does—the consequence is that the term does not encompass those matters that are covered by the title 5 RIF statutes. That result appears to us to be contrary to the government's legal position in this appeal, i.e., that with respect to VHA employees, the DVA is not constrained by either the RIF statutes or the regulations.

The petition for rehearing is denied.