Aaron **BILLINGS**, Danny M. Brinson, Alejandro Fuentez, Miles Furman, Harry Hathaway, Walter Kittle, Clark Larson, Jose Maruffo, Johnny Meadors, Richard Moody, Eduardo Ramirez, Jesse Shaw, Randy Warrick and Charles Whitmire, John Bates, Bruce Cooke, Gerald Kern, Donald Barley, Alfred Borrego, Ernesto Castillo, Kenneth Moniere, Rolfe Raines, Rowdy D. Adams, Larry G. Arthurs, David Estevis, Manuel Flores, Robert

Gilbert, William Jumbeck, Herbert Monette, John E. Munch, David Trevino, Lauro Vidal, Ronald Vitiello, Randle West, and Daniel Doty, Plaintiffs,

and

John W. Lotz, Jorge Gutierrez and Julian Panek, Plaintiffs–Appellants,

v.

UNITED STATES, Defendant–Appellee.

No. 02–5069.

United States Court of Appeals, Federal Circuit.

DECIDED: March 14, 2003.

Everett L. Bobbitt, Bobbitt & Pinckard, APC, of San Diego, CA, argued for plaintiffs-appellants. With him on the brief was Bradley M. Fields.

Allison A. Page, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were Robert D. McCallum,

Jr., Assistant Attorney General; and David M. Cohen, Director.

Before CLEVENGER, RADER, and LINN, Circuit Judges.

LINN, Circuit Judge.

John W. Lotz, Jorge Gutierrez, and Julian Panek (collectively "appellants") appeal the dismissal of their complaint seeking overtime pay under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 (2000). The Court of Federal Claims dismissed the appellants' complaint following a grant of summary judgment in favor of the government based on a determination that the appellants fell within the executive exemption of the overtime provisions. *Bates v. United States*, 51 Fed.Cl. 460 (2002). Appellants also appeal the implicit denial of their cross-motion for summary judgment that the regulation of the Office of Personnel Management ("OPM"), defining the executive exemption, is invalid because it conflicts with the comparable Department of Labor ("Labor Department") standard and therefore may not be used. *Id.* Because the OPM regulation is a reasonable interpretation of the Fair Labor Standards Act and because there is no dispute as to the relevant facts, we *affirm* the grant of summary judgment in favor of the government, the implicit denial of appellants' motion for summary judgment, and the dismissal of appellants' claims.

## BACKGROUND

This case is part of an extended litigation, originally involving approximately 300 plaintiff "Supervisory Border Patrol Agents" and "Supervisory Aircraft Pilots" employed in various capacities by the U.S. Border Patrol at grades ranging from GS–11 to GS–14. *Adams v. United States*, 40 Fed.Cl. 303 (1998) ("*Adams I*"). Each of the plaintiffs had worked an unspecified amount of overtime but had not been compensated at an overtime rate for this work.

The plaintiffs filed suit seeking overtime pay under the Fair Labor Standards Act, which requires that an employer must compensate an employee for overtime work at a rate of at least one-and-one-half times the employee's regular rate of pay. 29 U.S.C. § 207(a) (2000). The government, however, considered the plaintiffs to be "executives" and, as such, determined the plaintiffs were exempt from the overtime provisions. *Id.* § 213(a) (exempting "bona fide executive, administrative, or professional" employees from § 207(a)). This determination was based on an OPM regulation, defining an executive employee as a "supervisor, foreman, or manager who manages a Federal agency or any subdivision thereof ... and regularly and customarily directs the work of at least three subordinate employees...." 5 C.F.R. § 551.204 (1997). Additional criteria include primary management duty; authority or influence over hiring, firing, or promoting; regular exercise of discretion; and supervision of others' work. *Id.* § 551.204(a). The government also presented evidence that the appellants were "administrative" employees, and also therefore exempt. The analysis and arguments for "executive" and "administrative" are essentially the same.

The plaintiffs filed a motion for summary judgment, arguing that the OPM regulation setting forth the definition of an "executive" employee was invalid because it conflicted with the definition of "executive" as set forth by the Labor Department. For a position to be deemed "executive" under Labor Department regulations, the employee must be paid on a "salary basis", among other requirements. 29 C.F.R. pt. 541 (1997). To be paid on a salary basis means that the employee must receive "on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction

because of variations in the quality or quantity of the work performed." *Id.* § 541.118(a). The salary basis test is further refined to permit certain penalty deductions from pay as consistent with salaried employment, but to disallow others. Consistent with salaried status, employees may be suspended without pay "for infractions of safety rules of major significance," *Id.* § 541.118(a)(5) ("disciplinary deduction rule"), but not for anything other than violating a major safety rule. *See Auer v. Robbins,* 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). Because OPM administers the Fair Labor Standards Act with respect to employees of the federal government, it is the OPM regulations, rather than the Labor Department regulations, that govern the application of the Fair Labor Standards Act to appellants. To be valid, however, the OPM regulation must be consistent with the Labor Department regulation. Because the OPM regulation does not contain a salary-basis test, the plaintiffs argued that the OPM and Labor Department regulations were inconsistent, that the OPM regulation was thus invalid, and that the Labor Department standard should be applied instead.

Under the Labor Department regulations, the plaintiffs argued, they would be non-exempt, or entitled to overtime compensation. The plaintiffs offered evidence that they were subject to suspensions under Title V of the United States Code. *See* 5 U.S.C. §§ 7501–7504 (2000) (Any individual in the competitive service who is not a probationary or who has completed one year of continuous employment in the same position may be suspended for periods of less than fourteen days for such cause as will promote the efficiency of the service, including discourteous behavior.). The Administrative Manual for the Immigration and Naturalization Service ("INS") also details offenses for which suspensions may be imposed on INS employees, including plaintiffs, such as losing a pager, taking a service vehicle home for personal use, and non-hygienic personal appearance. The plaintiffs also submitted evidence that, not only were these suspensions available disciplinary tools, they were also imposed regularly. As such, plaintiffs argued that they could not be exempt employees under the Labor Department's "executive" definition, because they failed to meet the salary-basis test. The government filed a cross-motion for summary judgment, arguing that the OPM regulation was valid and that the plaintiffs fell squarely within the regulation's definition of "executive."

The Court of Federal Claims denied plaintiffs' motion for summary judgment, holding that OPM's regulation was a reasonable interpretation of the Fair Labor Standards Act within the federal sector. *Adams I,* 40 Fed.Cl. at 308. The Court of Federal Claims also denied the government's motion for summary judgment for failure to meet its burden of establishing that the plaintiffs "plainly and unmistakably f[e]ll 'within the terms and spirit of the exemption....'" *Id.* (*quoting Baca v. United States,* 29 Fed.Cl. 354, 359 (1993)).

A trial was then held, with a number of representative plaintiffs being appointed for purposes of classification. After the trial, the Court of Federal Claims held, *inter alia,* that Assistant Chief Patrol Agents ("Assistant Chiefs") at the United States Border Patrol Academy ("Academy"), a classification including the appellants, who were represented by designated plaintiff Paul Beeson ("Beeson"), were exempt from Fair Labor Standards Act overtime provisions. *Adams v. United States,* 44 Fed.Cl. 772, 785 (1999). The appellants and Beeson subsequently moved for a new trial, arguing prejudice because Beeson did not provide live testimony at the trial. Beeson later withdrew his claim, leaving only the three appellants in this case. The

motion for a new trial was granted and the unsuccessful plaintiffs (including appellants and others) were severed from *Adams* so that the successful plaintiffs could be awarded damages. The current case continued under the caption *Bates v. United States*, No. 96–931C.

Prior to the new trial, appellants filed a motion for summary judgment, arguing first, that their primary duties do not satisfy the requirements for the "executive" exemption to the Fair Labor Standards Act provision, and second, raising again the argument that the OPM standard is inconsistent with Labor Department regulations and may not be used. The government filed a cross-motion for summary judgment, contending that appellants fell squarely within the "executive" exemption and pointing out that appellants' argument about OPM versus Labor Department standards was resolved in favor of the OPM regulation earlier, in *Adams I.* 40 Fed.Cl. at 305.

The Court of Federal Claims reviewed the role of the Assistant Chiefs and determined that their duties were within the realm of "executive" employees under the relevant OPM regulation. Specifically, the Court found that the three Assistant Chief appellants together supervise the five departments at the Academy on a rotating basis. Each department has a Training Operations Supervisor that reports directly to one of the Assistant Chiefs. The Academy also employs some fifty Course Development Instructors that report directly to a Training Operations Supervisor, and indirectly to an Assistant Chief. Each Assistant Chief "plays a substantial role in the development of Academy curriculum and maintenance of its facilities. He formulates and executes management programs or policies, such as revising courses and recommending disciplinary action for subordinates...." *Bates*, 51 Fed.Cl. at 463. Moreover, each Assistant Chief participates in the selection, removal, or promotion of other employees. *Id.* at 464. Because it held the OPM regulation to be valid and applicable, the Court of Federal Claims held the appellants to be exempt as "executive" employees based on the undisputed facts recited above. The Court of Federal Claims also considered the applicable facts under the Labor Department regulations, and without regard to the salary basis test, found that the appellants would be "executive" employees under the Labor Department standard as well. *Id.* at 463–64.

The government's summary judgment motion was granted and the appellants' complaint was dismissed. Appellants filed a timely appeal with this court, arguing yet again that the Labor Department standards, rather than the OPM standards, should be applied. Because they are subject to suspensions under Title V and the INS Administrative Manual, appellants argue that under the Labor Department regulations, they would be non-exempt as they do not meet the salary-basis test. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

### I. Standard of Review

■ This court reviews the Court of Federal Claims' grant of summary judgment de novo. *Cook v. United States*, 86 F.3d 1095, 1097 (Fed.Cir.1996). The underlying issue, one of statutory and regulatory construction, is a question of law which we also review de novo. *Frederick v. Dept. of Justice*, 73 F.3d 349, 351–52 (Fed.Cir.1996).

### II. Analysis

The Fair Labor Standards Act, first enacted in 1938, requires an employer, *inter alia*, to compensate an employee at one-

and-one-half times the regular pay rate for any work performed in excess of 40 hours per week. 29 U.S.C. § 207(a) (2000). This provision, however, does not apply to "exempt" employees, such as those employed "in a bona fide executive, administrative, or professional capacity." *Id.* § 213(a). The Fair Labor Standards Act is administered by the Labor Department under regulations it has implemented under the Act. Prior to 1974, the Fair Labor Standards Act did not apply to federal employees, and overtime entitlements were governed by civil service statutes. In 1974, Congress amended the Fair Labor Standards Act to include federal employees, Pub. L. No. 93–259, 88 Stat. 55 (1974) (codified in pertinent part at 29 U.S.C. § 203(e)(2)(A)), despite the Civil Service Commission's objections that existing civil service overtime laws were adequate and the Fair Labor Standards Act coverage would simply confuse administration of the two overtime provisions. *See* Fair Labor Standards Amendments of 1974, H.R. Rep. No. 93–913, at 28 (1974), *reprinted in* 1974 U.S.C.C.A.N. 2811 [hereinafter "House Report"]. Congress resolved this potential conflict by giving the Civil Service Commission (now OPM) the authority to administer the Fair Labor Standards Act with respect to federal employees. 29 U.S.C. § 204(f) (2000). In resolving conflicts between OPM administration and Labor Department administration, Congress has instructed that "[OPM] will administer the provisions of the [Fair Labor Standards Act] in such a manner as to assure consistency with the meaning, scope, and application established by the rulings, regulations, interpretations, and opinions of the Secretary of Labor which are applicable in other sectors of the economy." House Report at 28. The civil service provisions in· place before passage of the 1974 amendments remained in effect, to the extent they were not inconsis-

tent with the Fair Labor Standards Act. *Id.*

■ The crux of appellants' case is the contention that the OPM definition of "executive" employee conflicts with the Labor Department definition of "executive" employee, based on the omission of the salary-basis test in the OPM definition. Appellants argue that, faced with this inconsistency, the Labor Department definition must be applied. Based on the undisputed facts, appellants assert that, under the Labor Department definition, they are non-exempt employees and are entitled to overtime pay.

■ If a statute being interpreted is silent or ambiguous with respect to a certain issue, "the question for the court is whether the agency's [interpretation] is based on a permissible construction of the statute." *Chevron, U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 848, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Agency interpretations of statutes, and in particular, those interpretations that are the products of notice-and-comment rulemaking promulgated in the exercise of authority delegated to the agency by Congress, are entitled to *Chevron* deference. *James v. Von Zemenszky*, 301 F.3d 1364, 1365 (Fed.Cir.2002) (*citing United States v. Mead Corp.*, 533 U.S. 218, 230, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001)). Further, "a long-standing interpretation given a statute by the agency charged with administering it should be deferred to unless it is unreasonable." *Jones v. Dep't of Transp.*, 295 F.3d 1298, 1307 (Fed.Cir.2002).

Here, the Fair Labor Standards Act statute is silent on the definition of "executive" employee. Filling that gap, OPM implemented the regulation at issue. The OPM regulation was produced through notice-and-comment rulemaking under OPM's "authority to determine how the [Fair Labor Standards Act] would be ad-

ministered in the civil service." *Am. Fed'n of Gov't Employees v. Office of Pers. Mgmt.,* 821 F.2d 761, 770 (D.C.Cir.1987) ("*AFGE*"); 29 U.S.C. § 204(f) (2000).

Thus, we must first determine whether the OPM interpretation of the statute is reasonable, as well as whether any difference between OPM's interpretation and the Labor Department standard is required to effectuate the consistency of application of the provision to both federal and non-federal employees. *See, e.g., Zumerling v. Devine,* 769 F.2d 745, 750 (OPM's guidelines must "harmonize with the statute's 'origin and purpose,' ... as well as with the Secretary of Labor's regulations." (internal citations omitted)).

We conclude that the OPM definition of an "executive" employee is a reasonable interpretation of the Fair Labor Standards Act. As noted above, federal employees are subject to suspensions under Title V that are not applicable in the private sector. Under the interpretation urged by appellants, nearly every federal employee would be considered non-exempt because Title V applies to a vast majority of all federal employees. Because of the peculiar nature of the statutory framework surrounding federal employment, it is reasonable for OPM's regulation to vary from the Labor Department standard. Moreover, in reviewing the OPM and Labor Department definitions, the regulations are nearly identical, but for the salary-basis test. Thus, the variance in OPM's regulation is no more than needed to accommodate the difference between private and public sector employment. We see no error in the determination by the Court of Federal Claims that the OPM regulation is a reasonable application of the Fair Labor Standards Act to the federal sector.

Appellants argue that their position— that the OPM regulation is invalid because it is inconsistent with the Labor Department regulations—is supported by the AFGE case. In the *AFGE* case, a challenge was made to an OPM regulation providing that all federal employees classified as GS 11 or above were presumptively exempt. This regulation conflicted with a Labor Department regulation that stated that all employees are presumptively non-exempt. In resolving the conflict, the D.C. Circuit stated that "OPM must defer to the [Fair Labor Standards Act] so that any employee entitled to overtime compensation under [the Fair Labor Standards Act] receives it under the civil service rules." *AFGE,* 821 F.2d at 770–71. In the present case, because the Court of Federal Claims determined that appellants would have received overtime compensation under the Labor Department standards, appellants argue that *AFGE* requires that they be compensated.

First, despite appellants' assertion, the *AFGE* case is not binding precedent on this court. Second, *AFGE* fails to support appellants' argument. *AFGE* stands for the unremarkable proposition that, under the same facts, an employee in federal employment should receive the same overtime compensation as an employee in the private sector. In this case, however, the appellants are not employed under the same facts applicable to the private sector. Appellants, as federal employees, are subject to Title V suspensions not present in the private sector.

Appellants also argue that this case is analogous to *Auer v. Robbins,* 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). The *Auer* case involved law enforcement officers for the city of St. Louis. Although the officers were supervisory employees, they were subject to suspensions without pay. As such, the officers fell outside of the "executive" employee definition under Labor Department regulations and were entitled to overtime pay. The St. Louis Police Department argued that the officers

should be considered "executive" employees because the suspensions were required for disciplinary purposes. The Court concluded that other disciplinary measures were available and thus, declined to ignore the salary-basis test of the Labor Department standard. The Court thus held the officers to be non-exempt employees. The *Auer* case is distinguishable from the present case, because *Auer* involved municipal, not federal, employees, acting under a disciplinary scheme different from the federal sector. The suspensions at issue in the present case are not matters of disciplinary choice, as they were in *Auer*. Instead, the suspensions are statutorily provided for by Congress under Title V to apply to all agency employers within the executive branch. The employer in *Auer*, the St. Louis Police Department, was free to choose a non-suspension disciplinary scheme for its "executive" employees; agencies within the federal government, the INS in this case, are not similarly free to override Title V. Title V provides for suspensions for "any individual in the competitive service who is not a probationary or who has completed 1 year of service of continuous employment in the same position." 5 U.S.C. §§ 7501, 7503 (2000). This disciplinary framework, chosen by Congress, is what dictates the disciplinary scheme for federal employees. Unlike *Auer*, agencies cannot work outside of this statutory framework.

Appellants also argue that OPM has adopted regulations to ensure that federal employees receive the maximum overtime compensation under any authority which is going to provide the greater overtime entitlement during a work week. 5 C.F.R. § 551.513 (2002). Because appellants did not raise this issue before the Court of Federal Claims, we need not and do not address it. *Southfork Sys. v. United States,* 141 F.3d 1124, 1132 n. 3 (Fed.Cir. 1998) ("[W]e generally do not consider arguments that are raised for the first time

on appeal.") (*citing Sage Prods., Inc. v. Devon Indus., Inc.,* 126 F.3d 1420, 1426 (Fed.Cir.1997)).

## CONCLUSION

Because there is no genuine issue of material fact in this case and because the OPM regulation defining "executive" employees is a reasonable interpretation of the Fair Labor Standards Act, the Court of Federal Claims' grant of summary judgment in favor of the government is affirmed.

AFFIRMED.