Jules Bernstein, Bernstein & Lipsett LLP, Washington, D.C., for plaintiff. With him on the briefs were Linda Lipsett, Bernstein & Lipsett LLP, Washington, D.C., and Edgar James, James & Hoffman LLP, Washington, D.C.

Shalom Brilliant, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Gregory G. Katsas, Assistant Attorney General, Civil Division, and Jeanne E. Davidson, Director, and Todd Hughes, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**Evangela FORBES, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 06–510C.**

United States Court of Federal Claims.

Oct. 16, 2008.

## *OPINION AND ORDER*

LETTOW, Judge.

Evangela Forbes filed suit in this court alleging that her employer, the Department of Justice, has violated provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219, and the leave, holiday, and premium-pay provisions of Title 5 of the United States Code. 5 U.S.C. §§ 5542, 5545–46. Ms. Forbes, a diversion investigator for the Drug Enforcement Administration

("DEA"), seeks to recover back pay, liquidated damages, interest, attorney's fees, and costs. Compl. ¶ 1. Following a partial settlement, the issue presently before the court is whether Ms. Forbes is entitled to overtime pay under the FLSA for time solely spent driving in a government vehicle between home and work. The United States has submitted a motion for judgment on the pleadings, contending that Ms. Forbes has failed to state a claim upon which relief can be granted. *See* Def.'s Mot. for Judgment on the Pleadings, Dismissing the Claims to be Adjudicated ("Def.'s Mot.") at 1. Ms. Forbes has submitted a cross-motion for partial summary judgment regarding the potentially dispositive "driving time" issue, arguing on numerous grounds that she is entitled to compensation under the FLSA. *See* Pl.'s Mot. for Partial Summ. Judgment Regarding the "Driving Time" Issue and Opp'n to Def.'s Mot. for Judgment on the Pleadings ("Pl.'s Cross-Mot.").

A hearing on the pending motions was held on September 15, 2008.[1] The competing motions accordingly are ready for disposition.

## BACKGROUND[2]

In enacting the FLSA, Congress sought "to achieve a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the Act." *Tennessee Coal, Iron & R.R. v. Muscoda Local No. 123*, 321 U.S. 590, 602, 64 S.Ct. 698, 88 L.Ed. 949 (1944). This case particularly turns on the changes to the FLSA made by the Portal–to–Portal Act, as amended in turn by the Employee Commuting Flexibility Act of 1996, Pub.L. No. 104–188, § 2101, 110 Stat. 1755, 1928 (1996) (codified at 29 U.S.C. § 254(a)). *See Adams v. United States*, 471 F.3d 1321, 1324–25 (Fed. Cir.2006) (summarizing the circumstances leading to the adoption of the Portal–to–Portal Act and its effect on the FLSA). The Portal–to–Portal Act excluded from FLSA liability such activities as

[w]alking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and activities which are preliminary to or postliminary to said principal activity or activities.

29 U.S.C. § 254(a). In terms of compensating employees for transportation-based work, the Portal–to–Portal Act specifically declared that

the use of an employer's vehicle for travel by an employee and activities performed by an employee which are *incidental to the use of such vehicle for commuting* shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.

*Id.* (emphasis added). Thus, the Portal–to–Portal Act exempted certain employee activities from the definition of compensable work under the FLSA.

As a diversion investigator employed by DEA, Compl. ¶ 1, Ms. Forbes "is responsible for addressing the problem of diversion of controlled pharmaceuticals and regulated chemicals from the legitimate channels in which they are manufactured, distributed and dispensed." Def.'s Resp. to Pl.'s Proposed Findings of Uncontroverted Fact ("Def.'s Facts") at 12. A diversion investigator engages in field work when he or she "conducts either a regulatory, civil or criminal investigation at a location other than at a DEA office." Def.'s Facts at 9. Federal agency employees engaged in field work can be authorized to use government vehicles to transport themselves from home to work. *See* 41 C.F.R. § 102–5.35. In accord with this regulatory authorization, Ms. Forbes has been provided with a government vehicle for use in transporting herself between her home

---

1. Citations to the hearing transcript are to "Hr'g Tr. ——."

2. The recitations that follow do not constitute findings of fact by the court. Rather, the recited factual elements are either undisputed or are alleged-and assumed to be true because they are uncontested.

and the locations where field work is performed.

On June 29, 2007, the parties entered into a settlement resolving certain of plaintiff's FLSA claims but expressly reserving for further litigation the plaintiff's FLSA "driving time" claims, along with any claims based upon plaintiff's employment in positions and at agencies other than those identified in the settlement. *See* Pl.'s Cross–Mot., Declaration of Jules Bernstein, Ex. 1 (Partial Settlement Agreement Covering Plaintiffs at DEA in OPM Occupational Series 1801 and 1810 Non–Supervisory Positions at the GS–9 Through GS–13 Grade Levels (June 29, 2007) ("Partial Settlement Agreement")) at ¶ 5(O) (providing that plaintiff may continue to pursue a claim "for back pay, liquidated damages and/or interest for FLSA overtime and other pay or compensation against the United States not covered by this Agreement, including [her] claims for the time solely spent driving a government vehicle from home to work and work to home ('driving time') as an FLSA non-exempt employee"). In her complaint, Ms. Forbes makes no claims based upon employment in positions and at agencies other than those identified in the Partial Settlement Agreement, and she does not allege any claims other than those for compensation under the FLSA and Title 5 of the United States Code. Compl. ¶¶ 1, 7. Accordingly, Ms. Forbes's claim for compensation for her "driving time" to and from work is the only claim that remains to be adjudicated in this case.

### STANDARDS FOR DECISION

Under Rule 12(c) of the Rules of the Court of Federal Claims ("RCFC"), the court "may convert a motion to dismiss into a motion for summary judgment under RCFC 56 if it relies on evidence outside the pleadings." *Brubaker Amusement Co. v. United States,* 304 F.3d 1349, 1355 (Fed.Cir.2002); *see also Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,* 988 F.2d 1157, 1164 (Fed.Cir.1993) (stating that the standard for a motion for summary judgment applies when matters outside the pleadings are considered by a court disposing of a motion to dismiss for failure to state a claim under

Fed.R.Civ.P. 12(b)(6)). Correlatively, "[c]onversion of a motion for judgment on the pleadings into one for summary judgment should only occur after the parties have been offered a 'reasonable opportunity' to present pertinent summary judgment materials." *Rubert–Torres ex rel. Cintron–Rubert v. Hospital San Pablo, Inc.,* 205 F.3d 472, 475 (1st Cir.2000) (citing Fed.R.Civ.P. 12(c)). Here, both parties have had a reasonable opportunity to submit evidence concerning the nature of plaintiff's field work. *See* Plaintiff's Statement of Proposed Findings of Uncontroverted Fact ("Pl.'s Facts"); Def.'s Facts. Accordingly, the court will treat the government's motion for judgment on the pleadings as a motion for summary judgment pursuant to RCFC 56.

Summary judgment is proper where the evidence demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." RCFC 56(c). Mere denials, conclusory statements, or evidence that is simply colorable or not significantly probative is insufficient to preclude summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Mingus Constructors, Inc. v. United States,* 812 F.2d 1387, 1390–91 (Fed.Cir. 1987).

"To prevail on a FLSA claim for an overtime activity suffered or permitted to be performed, plaintiffs must carry their burden of proof on all of the elements of the particular claim." *Abbey v. United States,* 82 Fed. Cl. 722, 727 (2008) (citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686–87, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)). Thus, it is plaintiff's burden to establish that her commute constitutes compensable field work under the FLSA and to show that her driving time "does not fall into the set of activities excluded from the definition of compensable work by the Portal–to–Portal Act as interpreted by our precedent." *Adams,* 471 F.3d at 1326 ("Since the burden of proof is on the plaintiffs, we reject their argument that summary judgment to the government was improper because the government presented

minimal evidence."). If plaintiff cannot carry her burden, then summary judgment in the government's favor is appropriate. *See Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548 (contemplating "entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). This is true even if the government presents no evidence to rebut plaintiff's documentary evidence. *Adams*, 471 F.3d at 1326.

## ANALYSIS

The government contends that "[w]ith respect to the question whether the driving in question constitutes compensable work under the FLSA, there is no material difference between the driving involved here and in *Bobo* and *Adams*." Def.'s Mot. at 3 (citing *Adams*, 471 F.3d 1321; *Bobo v. United States*, 136 F.3d 1465 (Fed.Cir.1998)). The United States asserts that the activity of "driving between home and work in a Government vehicle" and the nature of the "investigative or technical positions relating to law enforcement" presented in this case are comparable to the factual predicates confronted by the Federal Circuit in *Adams*. Def.'s Mot. at 3. The government's motion for judgment on the pleadings seeks to dismiss the claim remaining in this case. *Id.* at 1. In the alternative, the government seeks summary judgment. *See* Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. for Judgment on the Pleadings ... and Opp'n to Pl.'s Mot. for Partial Summ. Judgment Regarding the "Driving Time" Issue ("Def.'s Reply") at 3. In response to the government's motion for judgment, Ms. Forbes attacks the precedential value and reasoning of *Adams* and *Bobo*, as well as their applicability to the case at hand. *See* Pl.'s Cross–Mot. at 6–22. These arguments are addressed below.

### A. Continued Precedential Value of Bobo and Adams

In *Adams*, the Federal Circuit addressed the compensability of home-to-work driving of federal law enforcement officers. *See Adams*, 471 F.3d at 1323. *Bobo* concerned time spent by Immigration and Naturaliza-

tion Service ("INS") canine handler agents commuting to and from work with their assigned canines. *Bobo*, 136 F.3d at 1466. In each of these prior decisions, the Federal Circuit affirmed a court's grant of summary judgment for the government on the "driving time" issue. *Adams*, 471 F.3d at 1328; *Bobo*, 136 F.3d at 1466.

Ms. Forbes argues that the decisions in *Bobo* and *Adams* no longer serve as binding precedent in this court because they were wrongly decided in light of administrative law principles set forth by the Supreme Court in *Long Island Care at Home, Ltd. v. Coke*, —— U.S. ——, 127 S.Ct. 2339, 168 L.Ed.2d 54 (2007) ("*Coke*"), and *National Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005) ("*Brand X*"). *See* Pl.'s Cross–Mot. at 7. Plaintiff cites *Coke* for the principle that courts are obligated to treat an agency's regulation or interpretation as legally binding when it "fill[s] a[ ] gap left ... by Congress," so long as the agency proceeded in a reasonable and procedurally sound manner. *See* Pl.'s Cross–Mot. at 7–8 (quoting *Coke*, 127 S.Ct. at 2345). Referring to judicial deference to agency decisionmaking, Ms. Forbes contends that, in deciding *Adams*, the Federal Circuit improperly "substitute[d] its judgment for that of the [pertinent] agency," the Office of Personnel Management ("OPM"). Hr'g Tr. 25:2–3. Ms. Forbes argues that this court is obligated to "defer to OPM's regulations rather than to the contrary rulings of the Federal Circuit," and that the relevant OPM regulations in this case require this court to "declare plaintiff's home/work driving compensable under FLSA." Pl.'s Cross–Mot. at 16–17.

The OPM regulation upon which plaintiff relies states that "[a]ll time spent by an employee performing an activity *for the benefit of an agency* and under the control or direction of the agency is 'hours of work.'" 5 C.F.R. § 551.401(a) (emphasis added). By this regulation, OPM defines "hours of work" to include:

"(1) Time during which an employee is required to be on duty;

(2) Time during which an employee is suffered or permitted to work; and

(3) Waiting time or idle time which is under the control of an agency and which is for the benefit of any agency."

5 C.F.R. § 551.401(a)(1)-(3). OPM's regulations also state that "[t]ime spent traveling shall be considered hours of work if ... (2)[a]n employee is required to drive a vehicle or perform other work while traveling." 5 C.F.R. § 551.422(a)(2). Plaintiff compares this regulation with the requirement in *Adams* that "plaintiff[ ] must perform additional legally cognizable work while driving ... to compel compensation for the time spent driving." 471 F.3d at 1325; *See* Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. for Partial Summ. Judgment Regarding the "Driving Time" Issue ("Pl.'s Reply") at 4. From this comparison, plaintiff concludes that "there is a clear conflict between OPM's pre-existing regulations and the Federal Circuit's decision in *Adams*." Pl.'s Reply at 4. Consequently, argues plaintiff, because "this [c]ourt is obligated to defer to OPM's regulations rather than to a contrary ruling of the Federal Circuit," plaintiff's home-to-work driving must be found compensable. Pl.'s Reply at 5.

Ms. Forbes' arguments regarding the asserted lack of precedential value of *Adams* and *Bobo* are unavailing for three reasons. First and foremost, decisions of the Federal Circuit are controlling in this court. The Federal Circuit has stated that "the Court of Federal Claims may not deviate from the precedent of the United States Court of Appeals for the Federal Circuit any more than the Federal Circuit can deviate from the precedent of the United States Supreme Court." *Crowley v. United States*, 398 F.3d 1329, 1335 (Fed.Cir.2005) (rejecting this court's *de novo* interpretation of a statute); *see also Coltec Indus. v. United States*, 454 F.3d 1340, 1353 (Fed.Cir.2006) ("There can be no question that the Court of Federal Claims is required to follow the precedent of the Supreme Court, our court, and our predecessor court, the Court of Claims."). The precedent to which this court must adhere includes "binding precedent in this circuit as to the meaning of the relevant statutory

terms." *Passamaquoddy Tribe v. United States*, 82 Fed.Cl. 256, 262 (2008). "[T]he Court of Federal Claims cannot engage in de novo statutory interpretations once the Federal Circuit has issued a construction of a particular legislative enactment." *Redd v. United States*, 83 Fed.Cl. 589, 591 (2008).

Here, the relevant Federal Circuit precedent is derived from the decisions in *Adams* and *Bobo*, both of which address the scope of compensable work under the Portal-to-Portal Act. *Bobo* acknowledged that certain duties and activities taking place during INS agents' commute were arguably compensable under the FLSA (and not exempted by the Portal-to-Portal Act), but declined to award compensation to the agents for their driving time because, as a matter of law, their duties and activities while driving were *de minimis* in nature. 136 F.3d at 1468. The court in *Adams* adopted this reasoning and observed that "*Bobo* still teaches that commuting done for the employer's benefit, under the employer's rules, is noncompensable if the labor beyond the mere act of driving the vehicle is *de minimis*." *Adams*, 471 F.3d at 1328. "[M]erely commuting in a government-owned vehicle is insufficient." *Id.* at 1325. *Adams* thus held that an individual seeking compensation for home-to-work driving must "perform additional legally cognizable work while driving to their workplace" beyond the act of commuting. *Id.*[3]

Ms. Forbes may disagree with the Federal Circuit's analysis and statutory interpretation in *Adams* and *Bobo*, but "[t]rial courts are not free to make the law anew simply because they disagree with the precedential and authoritative analysis of a reviewing appellate court." *Crowley*, 398 F.3d at 1335. The test articulated in *Adams* and *Bobo*—whether an individual seeking compensation for home-to-work driving has performed "additional legally cognizable work" or whether this individual has only engaged in *de minimis* labor beyond the act of driving the vehicle, *Adams*, 471 F.3d at 1325, 1328—thus remains the controlling legal standard by which this court will evaluate Ms. Forbes'

---

**3.** Plaintiff objects to this standard, but at the hearing on the pending motions, plaintiff's counsel acknowledged that "the Federal Circuit in

*Adams* proceeded to add this requirement that you had to do something in addition to driving." Hr'g Tr. 15:19–21.

claims. Plaintiff's objections to this binding standard are beyond this court's capacity to consider.

Secondly, Ms. Forbes has failed to demonstrate that recent decisions by the Supreme Court have changed the legal landscape in a way that calls into question the Federal Circuit's decisions in *Adams* and *Bobo*. Plaintiff seeks to read into *Coke* and *Brand X* the principle that "it is the agency's reasonable regulations and interpretations that must be respected, deferred to, and applied by the courts." Pl.'s Cross–Mot. at 10. Mrs. Forbes then seeks to use that principle to reject the Federal Circuit's interpretation of OPM's regulations and apply an interpretation more favorable to her position. But as the government points out, neither *Coke* nor *Brand X* "concern[s] the binding effect of decisions involving statutory interpretation that an appellate court issues when it has before it the agency regulation in question— as was the case in *Bobo* and *Adams*." Def.'s Reply at 7. Rather, *Brand X* stands for the principle that administrative agencies are permitted to advance a new interpretation of a statute even after a court has weighed in with its own interpretation, so long as the court did not hold that the statute was unambiguous. *See* 545 U.S. at 982–83, 125 S.Ct. 2688. Because OPM has not issued any additional interpretations of the Portal-to-Portal Act since *Adams*, *Brand X* can provide no support for plaintiff's objection to the government's invocation of *Adams* as setting out the controlling legal standard. As the government points out, Ms. Forbes is not asking this court simply to defer to a permissible agency interpretation of an OPM regulation; Ms. Forbes is asking this court to discard the Federal Circuit's decisions in *Bobo* and *Adams*. Def.'s Reply at 7. For the reasons expressed above, this court may not do so.[4]

Two recent decisions by judges of this court dismissed home-to-work driving claims that were very similar to plaintiff's claims; in both cases, plaintiffs advanced similar arguments based on *Brand X*. *See Easter v. United States*, 83 Fed.Cl. 236 (2008), *appeal docketed*, No. 2008–5187 (Fed.Cir.(Sept.30, 2008)); *Redd*, 83 Fed.Cl. at 590. In *Easter*, the court concluded that

> the Federal Circuit's adherence to the rule of stare decisis in *Adams* ... was not contrary to the Court's holding in [*Brand X*] because it did not ignore OPM interpretations of a government regulation made after the Federal Circuit had decided *Bobo*. Likewise, this court would not be violating the rule of [*Brand X*] by following *Adams* ... because plaintiffs do not rely on a new OPM regulation interpreting home-to-work driving under the FLSA issued subsequent to that decision. Because the issues in [*Brand X*] are readily distinguishable from the issues in this case, the court fails to see how the Supreme Court's decision in [*Brand X*] could vitiate the binding precedent of *Adams*....

*Easter*, 83 Fed.Cl. at 248; *see also Redd*, 83 Fed.Cl. at 593. Accordingly, because Ms. Forbes cannot point to any administrative interpretation of the FLSA and the Portal-to-Portal Act that was issued after the Federal Circuit decided *Bobo* and *Adams*, her attempt to vitiate the precedential value of these two decisions by invoking *Brand X* is unsuccessful.[5]

---

4. Plaintiff cites two decisions by district courts exploring the relationship between a trial court and a reviewing court when interpreting agency regulations in the presence of a silent or ambiguous statute. *See* Pl.'s Cross–Mot. at 10 (citing *AARP v. EEOC*, 390 F.Supp.2d 437, 441 (E.D.Pa. 2005), *aff'd on other grounds*, 489 F.3d 558 (3d Cir.2007), and *Fuller v. Teachers Ins. Co.*, 2007 WL 2746861 (E.D.N.C. Sept.19, 2007)). These cases, however, do not illuminate the Federal Circuit's interpretation of the Portal–to–Portal Act. *See Redd*, 83 Fed.Cl. at 591 n. 1 ("To the extent that plaintiffs rely on case law from other circuits that conflicts with Federal Circuit precedent, or suggest new methods of statutory inter-

pretation, decisions from the Federal Circuit control.").

5. Ms. Forbes also contends that under the Federal Circuit's decision in *Billings v. United States*, 322 F.3d 1328 (Fed.Cir.2003), defendant was "obligated to explain why it is both 'reasonable and necessary' for the Federal Government to deviate from [the Department of Labor's ("DOL's")] position that requires home/work driving of employer vehicles to be FLSA compensable." Pl.'s Reply at 8. In *Billings*, the Federal Circuit held that while OPM's regulations were required to harmonize with DOL's regulations, a variance between OPM's and DOL's regulations was permissible if the variance was reasonable

Finally, as in *Easter*, Ms. Forbes has not established that "the *Adams* ... court failed to take into account the relevant OPM regulations." *Easter*, 83 Fed.Cl. at 246. The Federal Circuit stated in *Bobo* that the Portal–to–Portal Act created an exception to the relevant OPM regulation, 5 C.F.R. § 551.401(a). *See Bobo*, 136 F.3d at 1467. In light of the Portal–to–Portal Act, the Federal Circuit did not consider the OPM regulations to control compensation of employees for time spent commuting in government vehicles. *See id.* at 1467–68. When it decided *Adams*, the Federal Circuit relied upon this precedential reasoning. *Adams*, 471 F.3d at 1328. Thus, the Federal Circuit has explicitly addressed this alleged conflict between the Portal–to–Portal Act and OPM's regulations, and in doing so, has found no requirement for compensation for home-to-work driving in the absence of something more than *de minimis* work performed during such driving.[6]

**B. Substantial Factual Similarity of Plaintiff's Driving Claims to the Claims Litigated in Adams, Bobo, Easter, and Redd**

Having resolved that *Adams* and *Bobo* set forth the governing legal standard for Ms. Forbes' claims, the court now turns to the process of assessing "whether the requirements and restrictions placed on plaintiff['s] commutes" rise to the level of compensability. *Adams*, 471 F.3d at 1325. Ms. Forbes lists a number of alleged material differences between her own driving claim and the driving claims at issue in *Bobo* and *Adams*. *See* Pl.'s Cross–Mot. at 20, 23–26. Plaintiff first notes that her particular home-to-work driving claims "were not litigated" in *Adams* because *Adams* did not involve the specific position of diversion investigators, Pl.'s Cross–Mot. at 20, and because *Adams* did not address the act of driving "from home to [the employee's] first field work site" and "from [the employee's] last field work site to ... home." *Id.* at 25–26. Plaintiff thus suggests that her case is "one of first impression and is not controlled by *Adams*, in which it was not claimed that the plaintiffs' compensable driving was from home to a 'first stop.'" *Id.* at 26.

Ms. Forbes contends that she "drove and drives between home and work performing 'field work' pursuant to the provisions of 31 U.S.C. § 1344." Pl.'s Cross–Mot. at 20. She argues that the sort of "field work" she performs when driving from home to work entitles her to compensation under the FLSA and OPM's regulations regarding "Home–To–Work Transportation" listed in 41 C.F.R. Part 102–5. Pl.'s Cross–Mot. at 20–22. At oral argument, plaintiff's counsel cited to 41 C.F.R. § 102–5.70, which states that "[t]he use of home-to-work transportation for field work should be authorized only to the extent that such transportation will substantially increase the efficiency and economy of the Government." 41 C.F.R. § 102–5.70(b). Counsel suggested that "the purpose of giving the [diversion] investigators these cars is to have them drive to their first stop in order that they would basically spend more time investigating," Hr'g Tr. 23:4–7, thereby "increasing the efficiency and economy of the government." Hr'g Tr. 23:18–19. This increase in efficiency, plaintiff argues, is the foundation for finding her commute to consti-

and necessary "to accommodate the difference between private and public sector employment." 322 F.3d at 1334. The decision in *Billings*, as the court observed in *Easter*, "was based upon the exemption for 'executive' employees in OPM regulations, not a regulation related to whether driving to and from work in a government-owned vehicle is compensable under the FLSA." 83 Fed.Cl. at 250. Because *Billings* addressed a different legal issue and also preceded the Federal Circuit's decision in *Adams*, the decision in *Billings* does not affect the precedent to be applied in this case.

6. Apart from the Portal–to–Portal Act, Ms. Forbes argues that "required home/work driving by plaintiff is expressly declared by OPM to be FLSA compensable hours of work." Pl.'s Reply at 4. This argument is based in part upon her reading of 5 C.F.R. § 551.422(a)(2), which states that "[t]ime spent traveling shall be considered hours of work if ... (2)[a]n employee is required to drive a vehicle or perform other work while traveling." However, a potentially applicable provision from the same regulatory section states that "[a]n employee who travels from home before the regular workday begins and returns home at the end of the workday is engaged in normal 'home to work' travel; such travel is *not* hours of work." 5 C.F.R. § 551.422(b) (emphasis added).

tute compensable work under the FLSA. *See* Hr'g Tr. 23:19–24.

The government responds that "[t]he fact that home-to-work driving is found to be required for the performance of the [field] work in question does not render the driving itself compensable under *Adams*." Def.'s Reply at 10. The government avers that "[i]ncreasing the efficiency and economy [of the government] is not an activity. That's a result. That's part of the benefit derived by the government.... [Employees are] not working harder or ... doing anything different when their commuting is improving the efficiency of the government." Hr'g Tr. 34:13–22. The court accepts the government's argument in this regard and holds that a diversion investigator must do more than perform home-to-work driving classified as "field work" for that driving to surmount the *de minimis* threshold and become compensable work.

Ms. Forbes has failed to identify significant differences between the nature of her commute and the commutes at issue in *Adams* and *Bobo*. In terms of plaintiff's attempt to draw a distinction between different forms of commuting, it is not evident that the purpose of providing government vehicles to diversion investigators differs from the purposes of providing such vehicles to canine handler agents (as in *Bobo*) or to law enforcement officers (as in *Adams*). Plaintiffs in *Bobo* advanced numerous explanations as to why *their* transportation-based labor went beyond the *de minimis* standard: they wore official border patrol uniforms while commuting; they turned their radios on when leaving home in the morning and turned them off when returning home at night; and they cared for their dogs. *See Bobo*, 136 F.3d at 1467. Indeed, the Federal Circuit found that the "main restriction" on the INS agents in *Bobo* was "the prohibition on making personal stops during their commute." *Id.* at 1468. However, the Federal Circuit found that even if these and all other alleged burdens were assumed to be "compulsory, for the benefit of the INS, and closely related to the INS Agents' principal work activities," they were still "insufficient to pass the *de minimis* threshold." *Id.* Similarly, plaintiffs in

*Adams* argued that they were "not allowed to run any personal errands in their government vehicles, so their commute must proceed directly from home to work and back again without unauthorized detours or stops." 471 F.3d at 1323. But the Federal Circuit concluded that these restrictions were insufficient to render plaintiffs' home-to-work driving compensable. *See id.* at 1327.

Ms. Forbes has failed to identify any additional restrictions, beyond the *de minimis* threshold, that the government has placed upon her use of the vehicle during her commute. Indeed, according to the factual findings set forth by plaintiff and undisputed by the government, it appears that diversion investigators in Ms. Forbes' situation are even less restricted in their commutes than were the plaintiffs in *Adams* and in *Bobo*. DEA expressly permits employees such as Ms. Forbes to use government vehicles for certain "incidental personal purposes," such as "picking up dry cleaning" and "going to a workout facility." Def.'s Facts at 34. Thus, under the applicable standard articulated in *Bobo* and *Adams,* Ms. Forbes has not performed sufficient labor "beyond the mere act of driving the vehicle," *Adams,* 471 F.3d at 1328, and has not had sufficient "requirements and restrictions" placed upon her commute to enable her to overcome the Portal–to–Portal Act exception to the FLSA. *Id.* at 1325.

In this regard, the court in *Redd* also addressed claims by diversion investigators seeking compensation for their travel "between home and work performing field work." *Redd,* 83 Fed.Cl. at 593. They argued, as does plaintiff here, that *Adams* was inapplicable because "this particular type of driving arrangement has not been litigated." *Id.* However, the court in *Redd* applied *Adams* and *Bobo* as binding precedent and entered judgment for defendant. *Id.,* at 593–94. This court finds no reason not to do the same: despite the diverse range of occupations associated with the prior cases, the underlying factual predicates of the driving claims are sufficiently similar to justify applying the standard articulated in *Adams* and *Bobo* as binding precedent. Because the

burden of proof in this regard rests with plaintiff, her failure to provide any distinguishing evidence supports summary judgment in the government's favor. *See Adams,* 471 F.3d at 1326 ("Since the plaintiffs' evidence does not demonstrate any ground for relief ..., the government need not present any evidence to rebut the documentary evidence presented by the plaintiffs.").

## CONCLUSION

Because there is no genuine issue as to any material fact and because the government is entitled to a judgment as a matter of law, *see Anderson,* 477 U.S. at 247, 106 S.Ct. 2505, defendant's motion for summary judgment is GRANTED, and plaintiff's cross-motion is DENIED. The Clerk shall enter judgment for defendant.

No costs.

It is so ORDERED.

