Jerry BOBO, John Bordovsky, IV, Dennis Harmon, Richard Hawbaker, Robert Nelson, Russell O'Riley, Julio Tydingco, Luis Armendariz, Donald Arnold, Ruben Banda, Christopher Cantrell, Brian Carter, Steven Clanahan, John Dissler, Jason Heckler, Eugene Montoya, Michael Myers, Christopher O'Dell, Bruce Roberts, Robert Rodriguez, Harold Small-

wood, Gregory Smith, Guadalupe Trevino, Jr., Luis Uribe, Gregorio Vasquez and Jonathan Hawley, Plaintiffs–Appellants,

v.

UNITED STATES, Defendant–Appellee.

No. 97–5096.

United States Court of Appeals, Federal Circuit.

Feb. 9, 1998.

Gregory K. McGillivary, Mulholland & Hickey, Washington, DC, argued for plaintiffs-appellants. With him on the brief was Thomas A. Woodley.

Hillary A. Stern, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, argued for defendant-appellee. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Sharon Y. Eubanks, Deputy Director.

Before MICHEL, LOURIE and CLEVENGER, Circuit Judges.

MICHEL, Circuit Judge.

Plaintiffs-Appellants (the "INS Agents") appeal from a final judgment of the United States Court of Federal Claims concluding that the INS Agents' commutes were not compensable under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (1994) (the "FLSA"), and granting summary judgment to the United States. *Bobo v. United States,* 37 Fed.Cl. 690 (Fed.Cl.1997). This appeal was submitted for our decision following oral argument on January 8, 1998. Because any work performed by the INS Agents during their commutes that was otherwise compensable under the FLSA was *de minimis* in nature, we affirm.

## BACKGROUND

The INS Agents are a group of current and former Border Patrol agent dog handlers employed by the Department of Justice in the Immigration and Naturalization Service (the "INS"). The INS Agents' principal duties include attending to immigration-related calls requiring the aid of their dogs, such as responding to sensors that detect suspected illegal entries, and inspecting vehicles at official checkpoints. The INS Agents are required by the INS to have their dogs re-

side with them and are provided with specially equipped vehicles to transport the dogs between their homes and Border Patrol offices or other work locations. The vehicles may not be employed for personal use. Indeed, the INS Agents may not even make personal stops during their commute and they must wear their official uniforms while using the vehicles. The INS Agents are not paid for their commuting time but are paid an hour each day for conducting dog care tasks at home.

The INS Agents brought suit under the Tucker Act, 28 U.S.C. § 1491 (1994), against the United States in the Court of Federal Claims seeking compensation for their commuting time pursuant to the FLSA. They argued that such time was compensable because of various restrictions placed upon them during their commute, such as the prohibition on personal stops, and various duties, such as the need to make stops for the dogs to exercise and relieve themselves. In addition, they contended that such commuting time was compensable because of the further responsibilities allegedly required of them by the INS, such as monitoring their radios, reporting their mileage, and looking out for suspicious activity. On cross-motions for summary judgment the Court of Federal Claims denied the INS Agents' claim for compensation reasoning that, although certain of the duties and activities alleged to take place during the commute were theoretically compensable under the FLSA and not exempted by the Portal–to–Portal Act, 29 U.S.C. §§ 251–262 (1994), no compensation was warranted because, as a matter of law, these duties and activities were *de minimis* in nature. The INS Agents now appeal the grant of summary judgment in favor of the United States to this court. There is no doubt that the appeal was timely and that we have jurisdiction, as did the Court of Federal Claims.

## DISCUSSION

The FLSA, as interpreted by the Office of Personnel Management's regulations, requires federal agencies to pay employees for "[a]ll time spent by an employee performing an activity for the benefit of an agency and under the control or direction of the agency." 5 C.F.R. § 551.401(a) (1997). However, the Portal–to–Portal Act, which amended the FLSA, creates an exception to this general rule and declares, for public and private employees alike, that compensation need not be paid for:

(1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and

(2) activities which are preliminary to or postliminary to said principal activity or activities....

29 U.S.C. § 254(a) (1994). The Supreme Court first interpreted this provision of the Portal–to–Portal Act in *Steiner v. Mitchell*, 350 U.S. 247, 76 S.Ct. 330, 100 L.Ed. 267 (1956), which held that time spent by private employees at a battery plant changing clothes and showering before and after shifts was compensable because these activities were necessary to protect the workers from the toxins in the workplace. As the Court held, "[a]ctivities performed either before or after the regular work shift ... are compensable under the Portal–to–Portal provisions of the Fair Labor Standards Act if those activities are an integral and indispensable part of the principal activities for which covered workmen are employed." *Id.* at 256, 76 S.Ct. at 335. This provision of the Portal–to–Portal Act was also construed in *Reich v. New York City Transit Authority*, 45 F.3d 646, 650 (2d Cir.1995), in which the compensability of the commuting time of police dog handlers was at issue. The Second Circuit explained:

The more the preliminary (or postliminary) activity is undertaken for the employer's benefit, the more indispensable it is to the primary goal of the employee's work, and the less choice the employee has in the matter, the more likely such work will be found to be compensable.... The ability of the employer to maintain records of such time expended is a factor. And, where the compensable preliminary work is truly minimal, it is the policy of the law to disregard it.

*Id.* at 650. The court there held the policemen's commuting time not to be compensable. *Id.* at 653.

██ We agree with the interpretation of the Portal–to–Portal Act set forth in *Reich* and hold that the Court of Federal Claims did not err in its application of this interpretation to the undisputed facts of this case.[1] Viewing the pleadings and submissions in the light most favorable to the INS Agents, we accept as true that the restrictions placed upon the INS Agents' commutes are compulsory, for the benefit of the INS, and closely related to the INS Agents' principal work activities. However, the burdens alleged are insufficient to pass the *de minimis* threshold. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 692, 66 S.Ct. 1187, 1195, 90 L.Ed. 1515 (1946) ("When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded.").

██ The factors that trial courts must examine when assessing whether the work underlying a compensation claim is *de minimis* were properly set forth in *Lindow v. United States,* 738 F.2d 1057, 1063 (9th Cir.1984), which suggested analysis of "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." When the pleadings and submissions, viewed in the light most favorable to the claimant and analyzed according to these factors, indicate that the claim is for work that is merely *de minimis,* summary judgment is entirely appropriate. Here, the main restriction on the INS Agents is the prohibition on making personal stops during their commute. However, such a restriction on their use of a government vehicle during their commuting time does not make this time compensable. *See, e.g., Agner v. United States,* 8 Cl.Ct. 635 (1985) (holding that Library of Congress police officers were not entitled to compensation under the FLSA for lunch breaks during which time they were required to remain on the premises and monitor their radios), *aff'd,* 795

F.2d 1017 (Fed.Cir.1986) (table); *Ahearn v. United States,* 142 Ct.Cl. 309, 313 (1958) (denying compensation for time spent commuting on government-owned boats). The other asserted burdens, such as the need to make stops for the dogs to exercise and relieve themselves and the requirement to sign on to the radio, do not pass the *de minimis* threshold either. Taken as alleged, they are infrequent, of trivial aggregate duration, and administratively impracticable to measure. Accordingly, as a matter of law, they do not give rise to a valid or even triable claim for compensation under the FLSA.

## CONCLUSION

Because the Court of Federal Claims properly found that the INS Agents' claims concerned *de minimis* duties and restrictions and consequently were noncompensable under the FLSA, we

*AFFIRM.*

---

**1.** We note that the Court of Federal Claims in *Aguilar v. United States,* 36 Fed. Cl. 560 (1996), applied a contrary interpretation of the Portal–

to–Portal Act, but we decline to adopt that interpretation.