Linda A. STOCUM, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 2009–5051.

United States Court of Appeals, Federal Circuit.

Dec. 10, 2009.

Jules Bernstein, Bernstein & Lipsett, Washington, DC, for Plaintiff–Appellant.

Shalom Brilliant, Department of Justice, Washington, DC, for Defendant–Appellee.

Before NEWMAN, FRIEDMAN, and LOURIE, Circuit Judges.

ON MOTION

LOURIE, Circuit Judge.

*ORDER*

The United States moves to affirm the judgment of the United States Court of Federal Claims in this case. Linda A. Stocum opposes and moves to continue the stay of the briefing schedule and consolidate this case with several other cases. The United States replies.

The briefing schedules in this case and several other cases were stayed pending this court's disposition of *Easter v. United States,* 2008–5187. This court recently issued a decision in *Easter,* affirming the judgment of the Court of Federal Claims that federal employees who are required to use government vehicles when driving between their homes and their places of

work are not entitled to compensation for such travel time under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* *Easter v. United States,* 575 F.3d 1332 (Fed.Cir.2009).

In *Easter,* we noted that the dispute in that case was "identical in all material respects to the dispute that was before this court less than three years ago in *Adams v. United States,* 471 F.3d 1321 (Fed.Cir. 2006) and is similar to the dispute that was previously before this court in *Bobo v. United States,* 136 F.3d 1465 (Fed.Cir. 1998)." *Easter,* 575 F.3d at 1333. We stated that "[t]he task in [*Easter*] is therefore mainly to determine whether there is any reason for us to distinguish or depart from the *Adams* and *Bobo* decisions. We conclude that there is not, and we therefore affirm the decision of the Court of Federal Claims granting summary judgment in favor of the government." *Id.*

Similarly, in this case, the Court of Federal Claims noted that *Adams* and *Bobo* controlled its disposition of the case, notwithstanding the plaintiffs disagreement with the holdings of those cases. Factually, this case is very similar to *Easter.* On appeal, counsel for the appellant makes the same arguments that he made in *Easter.* This case, like *Easter. Adams,* and *Bobo.* involves a federal employee seeking overtime pay for the time spent driving to and from work in a government-owned vehicle. The Court of Federal Claims in this case properly relied on *Adams* and *Bobo* and held that overtime pay is not permitted for such an activity in this case.

Under the circumstances, we determine that affirmance of the judgment of the Court of Federal Claims is required by our precedent. *See Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir.1994) ("summary disposition is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substan-

tial question regarding the outcome of the appeal exists").

Accordingly,

IT IS ORDERED THAT:

(1) The motion for affirmance is granted. The stay of the briefing schedule is lifted and the judgment of the Court of Federal Claims is affirmed.

(2) The motion to continue the stay of the briefing schedule and consolidate is denied.

(3) Each side shall bear its own costs.