NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## 2009-5111

LYDIA Y. BAGLEY, LUCIA BARTOLOMEO, SCOTT A. BRINKS, BRENDA A. CATANO, AGNES CHEUNG-MARKIN, JOHN M. CONLON, JERRY C. GOLDSMITH, INEZ M. HORN, LAURIE E. KAUFMANN, MADELINE J. KUZMA, MICHAEL B. MALASKY, JANICE M. MARGRETA, THOMAS F. MCLAUGHLIN, JR., PAMELA S. MEYER, JOHN W. PARTRIDGE, ANTHONY J. REGO, CHANDRA MICHELE SANDERS, RONALD SCHULTZ, EDWARD M. SKALNIAK, DARIN M. WHITE, and FRANK S. YOUNKER,

Plaintiffs-Appellants,

and

GARY L. WHISENAND,

Plaintiff,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 06-CV-103, Judge Lynn J. Bush.

ON MOTION

Before NEWMAN, FRIEDMAN, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

## ORDER

The United States moves to affirm the judgment of the United States Court of Federal Claims in this case. The appellants oppose and move to continue the stay of the briefing schedule and consolidate this case with several other cases. The United States replies.

The briefing schedules in this case and several other cases were stayed pending this court's disposition of Easter v. United States, 2008-5187. This court recently issued a decision in Easter, affirming the judgment of the Court of Federal Claims that federal employees who are required to use government vehicles when driving between their homes and their places of work are not entitled to compensation for such travel time under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Easter v. United States, 575 F.3d 1332 (Fed. Cir. 2009).

In Easter, we noted that the dispute in that case was "identical in all material respects to the dispute that was before this court less than three years ago in Adams v. United States, 471 F.3d 1321 (Fed. Cir. 2006) and is similar to the dispute that was previously before this court in Bobo v. United States, 136 F.3d 1465 (Fed. Cir. 1998)." Easter, 575 F.3d at 1333. We stated that "[t]he task in [Easter] is therefore mainly to determine whether there is any reason for us to distinguish or depart from the Adams and Bobo decisions. We conclude that there is not, and we therefore affirm the decision of the Court of Federal Claims granting summary judgment in favor of the government." Id.

Similarly, in this case, the Court of Federal Claims noted that Adams and Bobo controlled its disposition of the case, notwithstanding the plaintiffs' disagreement with the holdings of those cases. Factually, this case is very similar to Easter. On appeal, counsel for the appellants makes the same arguments that he made in Easter. This case, like Easter, Adams, and Bobo, involves federal employees seeking overtime pay for the time spent driving to and from work in government-owned vehicles. The Court of

Federal Claims in this case properly relied on <u>Adams</u> and <u>Bobo</u> and held that overtime pay is not permitted for such an activity in this case.

Under the circumstances, we determine that affirmance of the judgment of the Court of Federal Claims is required by our precedent. <u>See</u> <u>Joshua v. United States</u>, 178 F.3d 378, 380 (Fed. Cir. 1994) ("summary disposition is appropriate, <u>inter alia</u>, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists").

Accordingly,

IT IS ORDERED THAT:

(1)    The motion for affirmance is granted. The stay of the briefing schedule is lifted and the judgment of the Court of Federal Claims is affirmed.

(2)    The motion to continue the stay of the briefing schedule and consolidate is denied.

(3)    Each side shall bear its own costs.

FOR THE COURT

DEC 1 0 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Jules Bernstein, Esq.
       Shalom Brilliant, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

DEC 1 0 2009

JAN HORBALY
CLERK