NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-5085

STEPHEN S. ADAMS, ET AL.,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in consolidated case no. 90-CV-162, Judge Lynn J. Bush.

ON MOTION

Before MICHEL, Chief Judge, FRIEDMAN and LINN, Circuit Judges.

LINN, Circuit Judge.

## O R D E R

The United States moves to affirm the judgment of the United States Court of Federal Claims in this case. The appellants respond. The United States replies.

This case involves federal employees seeking overtime pay for the time spent driving to and from work in a government-owned vehicle. This court recently issued a decision in Easter v. United States, 575 F.3d 1332 (Fed. Cir. 2009), affirming the judgment of the Court of Federal Claims that federal employees who are required to use government vehicles when driving between their homes and their places of work are not entitled to compensation for such travel time under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

In Easter, we noted that the dispute in that case was "identical in all material respects to the dispute that was before this court less than three years ago in Adams v. United States, 471 F.3d 1321 (Fed. Cir. 2006) and is similar to the dispute that was previously before this court in Bobo v. United States, 136 F.3d 1465 (Fed. Cir. 1998)." Easter, 575 F.3d at 1333. We stated that "[t]he task in [Easter] is therefore mainly to determine whether there is any reason for us to distinguish or depart from the Adams and Bobo decisions. We conclude that there is not, and we therefore affirm the decision of the Court of Federal Claims granting summary judgment in favor of the government." Id.

Similarly, in this case, the Court of Federal Claims noted that Easter, Adams, and Bobo controlled its disposition of the case, notwithstanding the plaintiff's disagreement with the holdings of those cases. Factually, this case is very similar to Easter. The Court of Federal Claims in this case properly relied on Easter, Adams, and Bobo and held that overtime pay is not permitted for such an activity.

Under the circumstances, we determine that affirmance of the judgment of the Court of Federal Claims is required by our precedent. See Joshua v. United States, 178 F.3d 378, 380 (Fed. Cir. 1994) ("summary disposition is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists").

Accordingly,

IT IS ORDERED THAT:

(1)     The motion for affirmance is granted.

2010-5085                                      - 2 -

(2)     Each side shall bear its own costs.

FOR THE COURT

MAR 2 3 2010
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:     Jules Bernstein, Esq.
        Shalom Brilliant, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 2 3 2010

JAN HORBALY
CLERK

2010-5085                           - 3 -